Filed 8/10/23  P. v. Stuart CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE LEE STUART,<br><br>    Defendant and Appellant. | D081141<br><br><br><br>(Super. Ct. No. CR79608) |

APPEAL from an order of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

In 1986, Jesse Lee Stuart, then 20 years old, and his two cohorts robbed the assistant manager of a store and then a man sitting in his car. Stuart and one of his cohorts with guns in hand, later approached Kelly B. as she parked her car.  Kelly, a student at the Sheriff's Academy, was dressed in her uniform.  When Kelly turned to run, Stuart shot her in the back, killing her.  The men then stole Kelly's car and fled.  A jury convicted Stuart of

murder (Pen. Code,[1] § 187, subd. (a), count 6), one count of burglary (§ 459, count 2); and three counts of robbery (§ 211, counts 3, 4, 5). The jury also found true allegations that Stuart was armed with a firearm (§ 12022, subd. (a), count 2), personally used a firearm (§ 12022.5, counts 3, 4, 5, & 6), and that he personally inflicted great bodily injury upon Kelly (§ 12022.7, counts 2 & 5).

At a resentencing hearing in 1987, the court sentenced Stuart to 35 years to life in prison. In January 2022, the Board of Parole Hearings (the Board) found Stuart suitable for parole but the Governor reversed the grant of parole in June 2022. In September 2022, Stuart filed a "motion for resentencing or parole" under section 1172.1 (former section 1170.03).[2] The following month, the court denied the motion on the ground it lacked jurisdiction to resentence Stuart unless a request was received from the District Attorney or the California Department of Corrections and Rehabilitation.[3] Stuart timely appealed and we appointed counsel to represent him.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The motion was originally filed under section 1170.03. "Effective June 30, 2022, '[t]he Legislature . . . renumbered  section 1170.03 to section 1172.1, but made no substantive changes.' " (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818.) For clarity and consistency, we will only reference section 1172.1.

[3]    Subdivision (a)(1) of section 1172.1 provides: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant

Counsel filed an opening brief asking that we exercise our discretion to independently review the record for error pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  He presented no argument for reversal but asked this court to review the record for error as mandated by *Wende*.  Counsel raised no specific issues on appeal and instead, identified one possible, but not arguable, issue pursuant to *Anders*, as follows, whether the trial court erred by denying Stuart's motion for resentencing or parole.

We invited Stuart to submit a supplemental brief, which he did.  Because this is an appeal from a motion for postjudgment relief, not a first appeal as a matter of right, Stuart is not entitled to *Wende* review.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226.)  Accordingly, we decline to conduct an independent review of the record and turn to the arguments raised by Stuart in his supplemental brief.  To the best we can discern, Stuart contends the Governor erred when he reversed the Board's decision to grant him parole.  This contention is unrelated to the denial of his resentencing motion which is the only matter properly before us.  Although Stuart's motion was entitled as for "resentencing or parole," section 1172.1 does not govern parole decisions.  Accordingly, we affirm the trial court's order denying his motion for resentencing.

---

incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

## DISPOSITION

The order denying defendant's Penal Code section 1172.1 motion is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


KELETY, J.

4